UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL ZIMMERMAN,

                Plaintiff,

v.                                      Case No. 23-cv-476-pp

SGT. PETRIE,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 5)**

---

Samuel Zimmerman, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that a food cart fell on him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and his motion to appoint counsel, dkt. no. 5, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 1, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $22.10. Dkt. No. 9. The court received that fee on May 26, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff has sued Sgt. Petrie, whom he says works for the Department of Corrections at Green Bay Correctional Institution. Dkt. No. 1 at 1-2. He alleges that on December 23, 2022, he watched Petrie unlock and lower the rear gate of a food truck outside the entrance to the kitchen. Id. at 2. The plaintiff states that after Petrie brought down a full food cart, the plaintiff helped by pushing an empty cart and, as he did that "while grabbing a full c[a]rt, in an attempt to take a step back off the loading dock (ramp) the food

3

truck had rolled forward causing me to lose my balance and falling off the food truck, landing up against the steel ramp, in which the food cart fell on me as well." Id. The plaintiff alleges that he managed to push the food truck off himself and realized, in amazement, that he was alive. Id. He says that as a result of the incident, he "tweaked" his back and that the umbilical hernia patch in his stomach causes him "agonizing pain." Id.

The plaintiff alleges that "the institution" knew the brake on the food truck was faulty but failed to properly service and maintain the food truck. Id. He says he is suing "them" for "failure-to-protect" and negligence, under federal and state law, because "they were on notice that the brake was/is faulty" and that it could seriously hurt someone, yet didn't repair it. Id. The plaintiff seeks compensatory damages, as well as fees and costs. Id. at 4.

C.   Analysis

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal quote omitted). To establish an Eighth Amendment claim the plaintiff must demonstrate two components; (1) that he was subjected to an objectively serious deprivation and (2) that the defendant was "deliberately indifferent" to the deprivation. Id. at 834. The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." Smith v. Peters, 631 F.3d 418, 420 (7th Cir. 2011) (quoting Ambrose v. Young, 474 F.3d 1070, 1075 (8th Cir. 2007)). Deliberate indifference means

4

that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Figgs v. Dawson, 829 F.3d 895, 903 (7th Cir. 2016) (citations omitted).

The condition the plaintiff describes—unloading a food cart off a food truck that had a faulty brake (and when the brake failed, falling off the ramp and having a food cart fall on him, causing injury)—constitutes an objectively serious deprivation. The plaintiff alleges that the "institution" knew the brake was faulty; at this stage, the court assumes that by "institution," the plaintiff means that Sgt. Petrie knew about the faulty brake and did not do anything to address the dangerous situation, which amounts to deliberate indifference. The plaintiff may proceed on an Eighth Amendment claim against Petrie. The court will exercise supplemental jurisdiction over the plaintiff's claim that Petrie's actions amounted to negligence in violation of Wisconsin state law. See 28 U.S.C. §1367(a).[1]

---

[1] If the plaintiff intended to sue Green Bay Correctional Institution, the prison is not a "person" under 42 U.S.C. §1983. He used the plural "they" in making his allegations; if the plaintiff believes that someone other than Petrie was involved in the violations of his rights, he must file a motion asking the court for permission to amend his complaint to add those other persons. If he files such a motion, he must attach the proposed amended complaint to the motion. If the court allows the plaintiff to amend, the amended complaint will take the

5

### III. Plaintiff's Motion to Appoint Counsel

The plaintiff filed an unsigned motion to appoint counsel.[2] Dkt. No. 5. He states that his incarceration and indigency will make it difficult to conduct discovery. Id. The plaintiff also says that he made several attempts to find a lawyer and he included letters from three lawyers declining to represent him. Dkt. Nos. 5, 5-1, 5-2, 5-3.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey,

---

place of the original complaint, so the plaintiff must attach a full, complete amended complaint. He cannot simply refer the court back to the allegations in the original complaint. And the amended complaint must explain what each additional defendant did to violate the plaintiff's rights.

[2] The plaintiff must sign each document he files in this case. The court will strike an unsigned paper unless the omission is corrected after it is brought to the party's attention. See Fed. R. Civ. P. 11(a).

6

987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's

literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has shown that he made a reasonable attempt to find a lawyer on his own. But he also has shown that he can litigate this case on his own at this time. He is proceeding on narrow claims against one defendant and the claim is not complex. The plaintiff's filings demonstrate that he knows and understands the facts of his case, that he can explain them clearly so that the court can understand them and that he can advocate for himself. Based on these factors, when the time comes, the plaintiff should be able to conduct discovery (ask for information from the defendant) and respond to a motion for summary judgment, should the defendant file one. Along with this order, the court is enclosing a guide for unrepresented incarcerated litigants which the plaintiff should find useful in litigating his case. The court will deny without prejudice the motion to appoint counsel.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 5.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Sgt. Petrie. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$327.90** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Green Bay Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 22nd day of August, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**