SAMUEL ZIMMERMAN,

          Plaintiff,

v.                                       Case No. 23-cv-476-pp

KEITH PETRI,

          Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 17) AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Samuel Zimmerman, who is incarcerated at Green Bay Correctional Institution and representing himself, filed this case under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on Eighth Amendment and Wisconsin state law negligence claims based on injuries he received when a food cart fell on him due to a truck's faulty brakes. Dkt. No. 13 at 3-5. The defendant filed a motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 17. This decision grants the defendant's motion and dismisses the case.

I.     **Facts**[1]

The plaintiff was incarcerated at Green Bay at the time of the incident described in the his complaint. Dkt. No. 19 at ¶1. The defendant is employed by the Wisconsin Department of Corrections (DOC) as a correctional officer at Green Bay. Id. at ¶2. The court allowed the plaintiff to proceed on Eighth

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

1

Amendment deliberate indifference and Wisconsin State Law negligence claims against the defendant, whom he alleged knew that the brake on a food truck was faulty but did not do anything to address the situation. Id. at ¶3. The faulty brake allegedly failed on December 23, 2022, causing the plaintiff to fall and injure himself while unloading a food cart. Id. at ¶3.

The plaintiff filed one administrative complaint related to the allegations upon which the court allowed him to proceed—complaint GBCI-2023-1153, which was received by the institution complaint examiner's (ICE) office on January 24, 2023 (thirty-two days after the event involving the faulty brake). Id. at ¶¶4, 5. In that complaint, the plaintiff said that he

> fell off the tailgate of the food service truck because a faulty e-brake allowed the truck to roll forward away from the camp while [he] was on the truck. Fix truck, fix me, $20,000, pain mangmt.

Dkt. No. 20-2 at 8. In describing the details of the incident, the plaintiff wrote in the grievance:

> Officer Petrei was witness to the fall and has submitted a report on 1/3/23, IR #0054357 I have been seen by HSU for a stabbing pain in the area of my enbylical hernia mesh which started directly after the incident on Dec 23, 2022 I wish the truck to be fixed properly. I desire to have my hernia mesh repaired. I wish future pain managment. I wish #20,000 in pain and suffrage.

Id.[2] The plaintiff left blank the "date signed" field at the bottom of the administrative grievance. Id.

On March 18, 2023, the Institution Complaint Examiner (ICE) rejected the complaint on the grounds that it was filed outside the fourteen-day time limit in which to raise complaints through the Inmate Complaint Review

---

[2] It appears from the plaintiff's demands for things like repair of the truck, medical attention and money that he was under the impression that his administrative complaint would have the same effect as filing a lawsuit in a court of law.

2

System and that the plaintiff made no argument for good cause for the late filing. Dkt. No. 19 at ¶6; Dkt. No. 20-2 at 6. The plaintiff appealed the rejected complaint and on April 3, 2023, the reviewing authority upheld the ICE's rejection because the plaintiff submitted his complaint outside the fourteen-day time frame. Dkt. No. 19 at ¶¶7-8.

**II.    Analysis**

    A.    <u>Summary Judgment Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); <u>see also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Ames v. Home Depot U.S.A., Inc.</u>, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." <u>See</u> <u>Anderson</u>, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

3

Case 2:23-cv-00476-PP   Filed 05/13/24   Page 3 of 8   Document 31

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. <u>Discussion</u>

The defendant contends that the plaintiff failed to exhaust his administrative remedies because he did not timely submit his administrative complaint though the prison complaint system and failed to show good cause as to why the late filing should be accepted. Dkt. No. 18 at 4. The defendant contends that the court should dismiss the plaintiff's state law claim on exhaustion grounds or relinquish supplemental jurisdiction of it. Dkt. No. 29 at 1-2.[3]

The plaintiff states that he missed the fourteen-day deadline to submit his complaint because during the first few days following the incident he was physically and emotionally incapacitated from his injuries. Dkt. No. 26 at 2. He asserts that after he was cleared to return to work on December 28, 2022 (five days after the incident), he had to attempt to resolve the issue informally by contacting his supervisor, which he did. <u>Id.</u> at 2-3. The plaintiff asserts that his complaint should have been deemed timely filed because he began the informal resolution process on January 8, 2023, which was within fourteen days after he was cleared to return to work. <u>Id.</u> at 3.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); <u>see also</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006) (holding that the PLRA

---

[3] Although the defendant initially asserted that the plaintiff's state law claim must be dismissed for failure to file a notice of claim, dkt. no. 18 at 7, he concedes in his reply brief that the plaintiff complied with the notice of claim statute, dkt. no. 29 at 1.

4

requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendant bears the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

To fully exhaust administrative remedies in Wisconsin, an incarcerated person must file a complaint with the ICE within fourteen days of the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). The ICE shall accept the complaint, return it or reject it. Wis. Admin. Code §DOC 310.10(2). The ICE may reject a complaint if it is submitted beyond the fourteen-day deadline and does not include good cause to extend the time limit. Wis. Admin. Code §310.10(6)(e). An incarcerated person may appeal a rejected complaint within ten days to the appropriate reviewing authority who shall only

5

review the basis for the rejection of the complaint. Wis. Admin. Code §310.10(10). The reviewing authority's decision is final. Id.

The incident giving rise to the plaintiff's lawsuit occurred on December 23, 2022, and he did not submit his complaint until January 24, 2023. The ICE rejected the plaintiff's complaint as untimely under Wis. Admin. Code §DOC 310.07(2) because the plaintiff submitted it more than fourteen days after the incident and did not provide good cause for filing it late. The ICE has discretion to accept a late complaint "for good cause." Wis. Admin. Code §DOC 310.07(2). "An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." Id. Because the plaintiff did not ask the ICE to accept his late complaint, as required under §DOC 310.07(2), the reviewing authority did not know to review the issue of whether good cause existed for accepting his late complaint. See Pollard v. Nikolai, Case No. 20-C-1868, 2021 WL 4502724, at *3 (E.D. Wis. Oct. 1, 2021). And because the plaintiff did not ask permission to file a late complaint, he cannot rely on that argument now. See Wield v. Fladhammer, Case No. 21-cv-139-jdp, 2022 WL 14805543, at *2 (W.D. Wis. Oct. 26, 2022).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The plaintiff submitted his complaint beyond the fourteen-day deadline and it was appropriately rejected on that basis. The plaintiff has failed to exhaust his administrative remedies regarding his constitutional claim and the court will dismiss that claim without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

6

Because the court has dismissed the plaintiff's federal claim, it will relinquish supplemental jurisdiction over his remaining state law claim. See 28 U.S.C. §1367(c)(3); Lavite v. Dunstan, 932 F.3d 1020, 1034-35 (7th Cir. 2019).

### III. Conclusion

The court **GRANTS** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 17.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of May, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**